This is our next case of the afternoon. People of the State of Illinois v. Keith Smith, 410-0182. For the appellant, Mr. Lyles, and for the appellee, Ms. McClain, you may proceed. Thank you, Your Honor. Mr. Court, Counsel for the State. As noted, my name is Sean Lyles, and I am the attorney for the defendant in this case, and I'm also with the attorney at the trial court level at the motion to suppress, which creates the underlying issue. I'll try and be brief as this is a single issue before the court. To begin with, I'd like to address the issues that the court has convened to myself and the State here recently as to whether the issue on this is moot. To begin with, as to the first possibility, whether the case is moot because the alleged illegal search of the vehicle produced marijuana, the record shows the charges related to this evidence was dismissed. I'd argue that is not the case because if, as we maintain, it was an illegal search of the vehicle, then the subsequent search of the hotel room under the case cited by the State in its response, Wonsan v. U.S., constitutes fruit of the poisonous tree and is therefore also exclusionary under the exclusionary rule. First, we have to get to the threshold issue of whether or not the initial search of the vehicle was illegal, which we have maintained from the get-go. And I'd also note at the trial level that we did not attempt to simply suppress the contents of the vehicle, but tried to suppress everything on that basis. In regards to the cases that were cited by the court, people view it loosely of reasons pronounced, in which it says a reviewing court should not decide a case where the judgment would have only an advisory effect. That would not be the case here because if the court agrees with the defendant's argument that the initial search of his vehicle was illegal, then it could, of course, reverse and remand and vacate his sentence, which would give him effectual relief, obviously. But what in your brief explains that to us? Well, basically, Your Honor, as I said, if the court finds that the search was illegal, then it opens up the issue of whether or not there is a fruit of the poisonous tree argument. If the court finds that the initial search was legal, then it's a moot point because it has no basis in the subsequent search's legality. But where in your brief are your issues? Do you tell us why it's important that we determine whether the initial search of a vehicle that turns up evidence of a crime that was dismissed or whatever happened to it? Is that what happened, that they dismissed that charge? That was dismissed in the stipulated bench trial he was found guilty of. It was dismissed. What's the connection? Well, the connection is to simply say, well, everybody knows that it would be the fruit of the poisonous tree. That's actually a legal doctrine that needs to be argued. Well, Your Honor, as I'm saying, it doesn't even get to that point if the court does not agree with the initial argument of the defendant that the search was illegal. If the search is not illegal, and it's actually legal in this court's eyes as it was in the trial court, then there is no fruit of the poisonous tree issue, and there's no exclusionary evidence on the subsequent issue. However, if it is illegal, as we're maintaining, then it opens the threshold document up, I mean the doctrine up, of then it should be suppressed because it is illegal. Well, this may seem to be semantic, but you're asking us to consider the suppression of evidence related to the search of a truck, and that charge no longer exists. Correct. So in order for us to go any further, we have to know why we should go further. And you're explaining now why we should go further, that somehow these are inextricably related because of the possibility of a fruit of a poisonous tree argument, but that's not how the case is presented. Right, well, I would say that that is how it's presented at the trial level. It was argued that way at the motion hearing. I agree, but that's not how it's postured in which it's before us. Well, and then in the state's response, it also addresses that issue as well, of whether or not Wonsan v. the U.S. applies, and I would argue if we get past the initial threshold, it does. But if the court doesn't agree with me that the initial search was illegal, we never even get there in the first place. So I'm saying if the court agrees with my contention that this was an illegal search, then the subsequent search becomes illegal as well. But if we don't get to the point where we agree that the initial search was illegal, then it's a moot point because the subsequent search is illegal as well. And the state addressed that in their response to mine where they said, well, if that happens, then we deal with this. So I did not feel the need to address it as the state had addressed it in their response. And in distinguishing this between People v. Isley, as I said, obviously a reversal and a remand would give effective relief. People v. Robertson is different in this case because there wasn't a plea here. There was actually a stipulated bench trial, the facts were entered to, and the court found guilt on the basis of that. Finally, in State v. Moore, it's also different for the reasons I've explained. If the court finds that there was an illegal search initially, then we go to the next issue of whether or not the exclusionary rule and the fruit of the poisonous tree apply. But in State v. Moore, that wasn't the case. There was a search of the car that did not lead to subsequent charges or additional penalties being applied to them. But also note that in State v. Moore, that's persuasive authority only. It's not binding on this court. That being said, I would proceed to my argument of why it was an initial illegal search. What happened here was the state argued and the court ruled at the trial court level that the investigating officers had either actual or apparent authority to search the car based upon third-party consent. And in Illinois, I don't believe that he'd met the threshold of either one of those. And the basis for that is actual authority or common authority requires a mutuality of views. And there simply has not been any demonstrated at the motion hearing or in the stipulated facts. Basically, the only evidence that was introduced on this issue was that of the testimony of the defendant himself, who testified uncontested that it was my car. I drove it down here. I never let anyone else drive it. And I left the keys when I left to go with someone else with the intent of returning. I never had any intention of anyone else using the car. And that was not contradicted at any point by the state. That brings us to the more trickier issue of apparent authority. The controlling case law on that is Matlock and Rodriguez, Rodriguez being the key one. Basically, what the courts have held in that is that an investigating officer may not proceed willy-nilly on the basis of apparent authority. Based upon the totality of the circumstances, would a reasonable person in the investigating officer's shoes believe that there was grounds for the consent? My question is more closely attuned to the facts, as I understand it in this case. And that is that they got a report of somebody in a truck with a gun. The police did. They go out. There's nobody in the truck. They're milling around. They go. One of the other officers says, well, the owner of the truck is registered to that hotel room up there. They go to the hotel room, saying, is, you know, Mr. Defendant here? Can we look at his truck? He said, no, he's not here. Here's the keys to the truck. They go down. They open the truck, find the marijuana. That really is completely separate because that's not charged. I mean, it was initially, but they dumped it because it was obviously a bad search. But before any search of the vehicle that found a gym bag full of marijuana, the officers were at the motel room exercising their olfactory senses and could smell dope. So their subsequent, granted in time it was a subsequent search of the motel room, but it bore no relationship to the discovery of marijuana in the truck. The smell, when they got the keys, was the probable cause to search the motel room, not finding marijuana in the truck. So how could it possibly be through to the poisonous tree? Well, Your Honor, that would be true, and I can understand the court's position on that, if they had actually said, hey, we smell marijuana in here. Can we have permission to search this room right now, or do we need to get a search warrant on it? They didn't do that. Well, they didn't have to. They already had the PC to search the motel room based upon the smell. They were more worried about possible weapons in the truck, and that became priority one. Just because the search of the truck happened before the search of the room doesn't mean that the probable cause to search the room did not present itself before the search of the truck. Okay, well, I addressed this issue at the trial court level, Your Honor, and my argument then as of now, they may smell marijuana, but they did not definitively say, it's coming from this room, we don't know where it's at. They thought that that was where it was coming from, and as I argued, it could have been coming from another room in the hotel at that time, it could have been from someone walking down the hall. Well, it doesn't really matter, does it? Whether they were right or wrong, which hotel room it was coming from, they thought it was coming from the hotel room they eventually searched. And, quite frankly, they asked permission to search, and permission was granted. Yes, it was. So, where's the violation of the Fourth Amendment? Well, Your Honor, they did ask for it, but they didn't ask it initially on the scenario that you're saying, where they smelled marijuana and said, look, we smell marijuana here, we'd like to search this room. First, they asked, is he here? He wasn't. Then they said, okay, well, here's why we're here. As you said, we're concerned about a weapon in this car out here. And bear in mind, at this time, they already knew it was the defendant's car. They had no reason to believe that he wasn't there at this point in time. They say, okay, well, he left, but he left his car keys here. We'll give them to you, you can search the car to see if the gun's there. They go down, conduct a search, find marijuana in the car, and then, and only then, do they ask for permission to search the room. So, I do think that, again, that's an illegal search of the car, because they didn't have apparent or actual authority to do so. And then, on the basis of that, then they go and say, can we search the hotel room, which would make it fruit of the poisonous tree and thus be applicable to the exclusionary rule. If they had done it in the way the court is describing it, which the trial court mentioned that as well, they said, well, you know, they could have just done it then, but I argued then as now, that's not what they did. They took it upon themselves to search the truck first, engage in an illegal search, and then on the basis of the fine of the legal search, even then they asked, do we need to get a warrant or are you going to give us permission? So, if you agree with me, as I think the court is doing, that the search of the truck was illegal, then we do have a fruit of the poisonous tree issue, because they've responded to an illegal procedure by then trying to bootstrap a consent search into it on the hotel. And that's basically my whole argument, Your Honor. If the search of the truck is illegal, and it seems to me that the court has agreed with me that it was improper, then we've crossed to the threshold of whether or not we've got a fruit of the poisonous tree issue on the subsequent search. Because if the initial search of the truck is not illegal, then the subsequent search is not illegal. But if, as it sounds like you're agreeing with me on, the trial court ruled improperly that they didn't have actual authority or apparent authority to consent to a third-party search of the truck, then it becomes a fruit of the poisonous tree issue. Counsel, was the evidence that your client left the keys in the room, or left the keys with Smith and or Darden? I didn't catch the first part of what you said, Your Honor. Could you repeat that, please? Was the evidence that your client left the keys in the room, or with Smith or Darden? Simply in the room, Your Honor. Just in the room? Yeah, there was never any. In fact, he testified that he did not give the keys specifically to anyone. That he just left them there to go with an undisclosed third-party who was never disclosed who he left with. But he simply left the keys there to go get food, returned while they were out in the parking lot, and then that they found him after the subsequent search. And so your theory is since the keys were left in the room and not under or in the control of either Darden or Smith, they could not have had apparent authority? Exactly. It's pretty clear from the record that that doesn't meet the definition of common or actual authority, and that there's no mutuality of use of the truck. There was never anyone who said, Yeah, I drive it. Yeah, I've got property of my own in it. Yeah, I rode down in it at all. Basically, they had no actual authority to use the truck whatsoever. So then it becomes an issue of whether or not there's apparent authority for them to do it. And under Rodriguez, the officer simply took it at face value that the mere fact that he had access to the keys in the hotel room gave them apparent authority. And Rodriguez says, We're not supposed to do that. What a reasonable person under these circumstances believe that these people had the authority to do that. I submit that they didn't, and that further investigation with some follow-up questions like, Well, do you ever drive this truck? Do you have any property in it yourself? Have you ridden in it with him down here? Anything like that that would have followed up and indicated that they actually had some form of authority to consent to the search of it would have been appropriate. They didn't engage in that. As I commented to Justice Appleton, they basically just took it upon themselves after they said, Well, here's the keys. OK, good enough for me. Go down, search the truck, find the contraband. And on the basis of that, then bootstrap it into the subsequent search, which if the court agrees with me that the initial search was illegal, then it becomes fruit of the poisonous tree and needs to be excluded. And as to the arguments presented as to mootness, obviously there is actual non-advisory relief that can be provided to the defendant. He can get a new trial. He can get a new hearing. And I would also point out that in some of the state's arguments that are made and some of the arguments I'm hearing the court banter about are theoretical. What was ruled on by the trial court was that the police had a valid third-party consent based upon actual apparent authority. He did mention in a throwaway at the end at the initial motion to suppress what you had expressed earlier, Your Honor, that, well, you know, I think probably there was an inevitable discovery issue once they smelled the marijuana. But he specifically said, however, based upon the case law presented by the state, I'm going to go ahead and rule against you and rule in favor of the state and deny your motion to suppress. And on that basis, I believe the trial court erred, and that's why we're asking for a reversal on this matter so that my client can get, one, a new evidentiary hearing under the correct standard, and two, a new trial, and three, to have his sentence vacated. I think that presents my argument as coherently as I can under the circumstances unless the court has some more questions for me. Thank you. May it please the court? Good afternoon. My name is Linda McClain, and I represent the state of Illinois in this appeal. The issue in this case as formed by the defense is whether the evidence was improperly seized on the basis of third-party consent. The defendant did not argue in his brief that the first search tainted the second search, so the state is maintaining that that issue is waived. The state is also maintaining that this appeal is moot because... Well, couldn't we say you forfeited the waiver by arguing it yourself in the brief? I was anticipating what he was going to argue in his reply brief, I guess. I guess that was my purpose, that it was kind of like reading what happened at the trial level. I thought that he would respond to my brief with an argument in his reply brief, but he didn't file a reply brief, and it would have been waived by that point anyway. The state is also maintaining that this appeal is moot because the charges brought as a result of the alleged illegal search of defendant's card were dismissed. Therefore, the issue that was before the trial court no longer exists. If Mr. Lyles is correct, and there is an unbreakable link between the search of the truck and the subsequent search of the motel room, even though the police had smelled marijuana coming from the motel room before they searched the truck, that basically is his argument. If that argument holds water, then that's a different situation, isn't it? I would argue that there is attenuating circumstances, that there is a break between the two searches and also the inevitable discovery doctrine. Going to that, in this case, under Brown v. Illinois, there are several factors you look at to see whether a search is sufficiently attenuated from the alleged illegal search. In this case, no Miranda warnings were given. However, no one was under arrest. Even though the temporal proximity was close,  non-custodial conditions leaned toward a finding that any taint was dissipated. And there was also the phrasing of the officer's request that she be allowed to search, or she would seek a search warrant, not that she was going to definitely demand one. And these same factors consist of an intervening circumstances, which indicate that the consent to search of the hotel room was an intervening act of free will, detached reflection, and a desire to be cooperative. And also, there is no evidence of bad faith exploitation by the officer. Also, under the inevitable discovery exception, the officer had more than enough information, even without the marijuana discovered in the car, to obtain a search warrant, based on the odor he smelled, or as she smelled when she approached the hotel room, and the cousin's admission that the hotel room contained marijuana, a quarter pound. I think there's definitely enough evidence... Counselor, are you conceding the trial court erred when it found that the person who supplied the keys had apparent authority? No, I am not. I think that... If the keys were just left in the room, and not in the hands or possession of a particular individual, why isn't counsel's argument correct that that's not quite enough to get to apparent authority? I think it was defendant's cousin, and I think defendant's cousin was presented... The officer said, we're here because we think there might be a gun in the car, and the defendant's cousin goes, oh, here, here's the keys. He had the possession of the keys, and he goes, here, let's go search. Or he goes, here, let's go look. So I think there was an aura to the whole circumstances that led the officer to believe that defendant's cousin had apparent authority. So I think a reasonable person would have said, hey, defendant's cousin said, he's got the keys, it's in a hotel room, maybe the defendant left the keys there because defendant's cousin had moved the car or something. So I think a reasonable person in the officer's position could have assumed that defendant's cousin had apparent authority. I think I've hit most of my major points. If there aren't any other questions, we'd ask the court to affirm the track record. Thank you, counsel. Rebuttal? Very briefly, Your Honor. Again, I think the real issue here, and the only issue, is whether or not the initial search was legal or not. If it's legal, there never becomes a fruit-of-the-poisonous-tree issue because the subsequent search is legal. So that is what I focused on. I tried to focus on like a laser on that. I brought that to the trial court's attention. It conceded on the record it was a close issue. And I would, again, in the response brief that the state filed, it basically conceded the argument that if there was an initial legal search, then and only then does a fruit-of-the-poisonous-tree and exclusionary issue become apparent. So I think that, as you pointed out, they have waived that argument. I mean, the whole issue here is, is the initial search legal or not? And if it's not, then everything that follows is accordingly. But if it is, and you uphold the trial court's decision, then there's no basis for arguing that there's a fruit-of-the-poisonous-tree issue or an exclusionary issue on the subsequent search, because they ruled properly. But if the initial search is illegal, then we've got a whole new kettle of fish. But, again, I don't think under the case law expressed in my brief, in Rodriguez and Matlock, I agree with the court. Justice Turner, I think, is right. There isn't enough for apparent authority here. And I think it's pretty apparent that there was never any actual authority. So, you know, the issue is whether or not there was actual legal search. And if there was, it needs to be reversed and remanded back to trial court for another evidentiary hearing and another trial. And on the issue, I mean, the court did not rule on the issue of inevitable discovery. It ruled on the issue of proper authority for the police to conduct the search based upon either apparent or actual authority. And the trial record's very clear on that. So I would ask for a reverse and remand. Thank you for my time. Thank you. I take the manner of your advice.